United States District Court
Southern District of Texas
**ENTERED**
May 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN DEVILLIER, ET AL., | § § § § § | |
| Plaintiffs. | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00223 |
| STATE OF TEXAS, | § § § | |
| Defendant. | § | |

## ORDER AND OPINION CONSOLIDATING CASES

Before the Court is an Agreed Motion to Consolidate the present matter with three other cases pending in the Southern District of Texas. *See* Dkt. 39. Two of those cases are currently pending in the Galveston Division: (1) *Kevin Sonnier, et al. v. State of Texas*, No. 3:20-cv-00379; and (2) *Southeast Texas Olive, LLC, et al. v. State of Texas*, No. 3:21-cv-00104. The third case is sitting in the Houston Division: *Devon Boudreaux, et al. v. State of Texas*, No. 4:21-cv-01521. All these cases have been referred to me for pre-trial purposes. The motion to consolidate has been properly filed in this action, as it is the oldest case pending in federal court. *See* S.D. TEX. LOC. R. 7.6B.

Federal Rule of Civil Procedure 42(a) governs the consolidation of cases. The rule provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a). Consolidation permits district courts "to expedite the trial and eliminate unnecessary repetition and confusion." *DuPont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). *See also Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties"). District courts have broad discretion in deciding whether to grant a motion to consolidate, but "[c]onsolidation is improper if it would prejudice the rights of the parties." *St.*

*Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989–90 (5th Cir. 1983). A motion to consolidate is a non-dispositive motion fully within the jurisdiction of a magistrate judge. *See Tex. Dep't of Transp. v. Canal Barge Co.*, No. 4:20-CV-00868, 2020 WL 4335787, at *2 n.1 (S.D. Tex. July 28, 2020); *In re Synergy Pharm. Inc. Sec. Litig.*, 18CV873AMDVMS, 2020 WL 5763830, at *2 (E.D.N.Y. Sept. 28, 2020); *Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 n.1 (W.D. Pa. 2002).

Consolidation is unquestionably appropriate here, as there are common issues of fact and law. In all four cases, Plaintiffs are individuals and business entities who own property on the north side of Interstate Highway 10 ("IH-10"). Plaintiffs make the same allegations and bring the same legal claims in each case. In a nutshell, they allege that their properties were inundated, taken, destroyed, and damaged by the State of Texas by its design, construction, operation, and maintenance of IH-10. There are a plethora of legal issues—among others, sovereign immunity, statute of limitations, police power—that are identical in each of the four cases. Requiring the parties to advance the same legal arguments in four separate cases would be an inefficient use of time and money, especially when everything can be handled expeditiously in one, consolidated case. To conserve judicial resources, simplify management of the cases, and save the parties from unnecessary expenses, consolidation needs to happen. Even Captain Obvious would agree.

Before concluding, I do want to address one legal issue. The lawsuits the parties ask me to consolidate are all pending in the Southern District of Texas, but they are in separate divisions—three of the cases are in the Galveston Division and one is in the Houston division. Fortunately, this does not pose a problem. Although actions pending in different districts may not be consolidated, there is no prohibition on consolidating cases that are pending in different divisions within the same judicial district. *See In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270–71 (5th Cir. 1974) ("District courts have broad discretion under Fed. R. Civ. P.

42[(a)] to consolidate causes pending in the same district."); *Wion v. Dretke*, No. MO-05-CV-146, 2006 WL 8441507, at *2 (W.D. Tex. July 14, 2006) ("Case law does not prohibit consolidation from one division to another within the same district."); *Am. Home Assur. Co. v. Roxco, Ltd.*, 81 F. Supp. 2d 674, 681 (S.D. Miss. 1999) ("[T]he rules clearly empower the court to consolidate related actions from different divisions within the district.").

In the interests of judicial economy and efficiency, I order that the above-captioned suit be consolidated for all purposes with the following cases: (1) *Kevin Sonnier, et al. v. State of Texas*, No. 3:20-cv-00379; (2) *Southeast Texas Olive, LLC, et al. v. State of Texas*, No. 3:21-cv-00104; and (3) *Devon Boudreaux, et al. v. The State of Texas*, No. 4:21-cv-01521. The style of the consolidated case shall remain *Richard Allen Devillier, et al. v. State of Texas*, No. 3:21-cv-00223.

Plaintiffs are granted leave to file a Master Complaint by May 28, 2021.

SIGNED this 17th day of May 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE